**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **HEALTHCARE JUSTICE COALITION, LLC,** | **CASE NO. 5:25-cv-386-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION & ORDER** |
| **UNITED HEALTHCARE OF KENTUCKY, *et al.*,** | |
| **Defendants.** | |

Before the Court is a motion to dismiss filed by Defendants United Healthcare of Kentucky, Ltd., United Healthcare Services, Inc., and United Healthcare, Inc. (collectively, "Defendants" or "United"). (R. 18.) Plaintiff Healthcare Justice Coalition, Inc. ("Plaintiff" or "HJC") filed a response. (R. 10.) Defendants replied. (R. 11.)

## I. Background

Plaintiff's Complaint alleges the following facts. APP of Kentucky, ED, LLC ("APP"), a physician group, provided emergency medical services at Caldwell Medical Center, Jennie Stuart Medical Center, and Mercy Lourdes Hospital, among other hospitals. (R. 1-1, at 9.) APP provided these emergent services to parties who were members of Defendants' Health Plans and who had paid premiums to Defendants to provide them with health insurance coverage. (*Id.*) Because APP was not under contract with Defendants, however, it served as an out-of-network provider. (*Id.* at 11.)

APP sold their accounts to ECURE, who then assigned the right to sue on these accounts to Plaintiff. (*Id.* at 8-9.) Plaintiff brought suit, alleging systemic underpayments by

Defendants to APP. (*Id*. at 9.) The Complaint does not identify the number of benefit claims at issue.

On September 18, 2025, Plaintiff filed a five-count complaint in Fayette Circuit Court against Defendants, alleging prompt pay violations (Count I), implied contract/quantum meruit (Count II), declaratory relief (Count III), bad faith (Count IV), and unjust enrichment (Count V). (R. 1-1.)

On October 16, 2025, Defendants filed a notice of removal to this Court. (R. 1.) On December 17, 2025, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 18.) Defendants argue that the claims should be dismissed as preempted by the Employee Retirement Income Security Act ("ERISA"), the Medicare Act, and/or the No Surprises Act ("NSA"), and for failure to state a claim.

## II. Analysis

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). At the pleading stage, Rule 8(a)(2) requires only a short and plain statement which shows that the pleader is entitled to relief and which gives the defendant notice of the claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007). To survive a motion to dismiss, the factual claims in a complaint "must be enough to raise a right to relief above the speculative level." *Id*. Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Hensley Mfg. v. ProPride,*

*Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)) (internal quotation marks omitted). In other words, a complaint must contain "plausible statements as to when, where, in what, or by whom[.]" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

Plaintiff's Complaint is based on Defendants' alleged failures to pay benefit claims at a commercially reasonable rate. Because Plaintiff originally filed its Complaint in state court, Plaintiff requests leave to amend its Complaint if the Court finds that Plaintiff's claims are not sufficiently pled under Federal Rule of Civil Procedure 8. (R. 20 at 19 n.6.) Having carefully reviewed the Complaint, the Court concludes that Plaintiff has not provided sufficient facts necessary to adequately plead the claims asserted in its claim.

Pursuant to Federal Rule of Civil Procedure 15, the Court must "freely" give the plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether justice requires the amendment, the Court should consider the circumstances, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade*, 259 F.3d at 458-59 (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

This case presents such circumstances where justice requires the Court to allow Defendants leave to amend. Defendants timely responded to Plaintiff's motion to dismiss. While Plaintiff did not file a formal motion for leave to amend, Plaintiff asserted the request in its timely-filed response to Defendant's motion to dismiss. "[C]ourts have consistently held that leave to amend may be granted without a formal motion." *Feuerstein v. Simpson*, 582

3

Fed.Appx. 93, 97 n.3 (3d Cir. 2014) (collecting cases); *see NVZ Capital, LLC v. Gentry*, No. 7:12-105-KKC, 2013 WL 526749, at *2 (E.D. Ky. Feb. 11, 2013) ("Therefore, on its own motion, this Court will grant [the plaintiff] leave to amend its complaint."). This would be Plaintiff's first time amending the Complaint, which was originally filed in state court. "Leave to amend is especially appropriate when the complaint was originally filed in state court and thus not written to satisfy the federal pleading standard." *Jacobs v. FLOORCO Enters., LLC*, No. 3:17-cv-90-DJH, 2017 WL 8896193 at *3 (W.D. Ky. Sept. 29, 2017) (citations omitted). Additionally, at this early stage of the litigation, Defendants will not be prejudiced by allowing Plaintiff leave to file an Amended Complaint.

Further, the Court notes that neither party denies the existence of a "Claims List" that outlines benefit claims potentially at issue in this matter. While the Court does not have access to the Claims List and will not consider it here, it appears that such information could provide the factual details required by the Rules. Accordingly, it does not appear that the amendment would be futile.

Accordingly, because leave to amend a complaint should be freely given when justice so requires, the Court will deny Defendants' motion without prejudice and allow Plaintiff the opportunity to amend. *See* Fed. R. Civ. P. 15(a)(2); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). At this time, the Court will not consider the other arguments set forth in Defendants' motion to dismiss, including its arguments as to preemption. Instead, the Court will allow Defendants to reassert its motion following the filing of the Amended Complaint.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS the following:

(1) Defendants' motion to dismiss (R. 18) is **DENIED** without prejudice. Defendants may reassert any of the arguments made in its previous motion and may also assert

any other appropriate arguments for dismissal as provided in the Federal Rules of Civil Procedure;

(2) Plaintiff may file an Amended Complaint by **August 24, 2026**. If an Amended Complaint is not filed by the specified date, the case will be dismissed with prejudice for failure to prosecute.

This 3rd day of August, 2026.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**